JOHN J. WAGNER, Appellant, v. LEO HABERMAN and W. H. Ordway, Respondents.

(234 N. W. 387.)

Opinion filed January 6, 1931.

*Jacobsen & Murray,* for appellant.

*Kelsch & Higgins,* for respondents.

BURR, J. This is an appeal from an order granting a new trial. Two actions are here—one in forcible entry and detainer, originally commenced in justice court, and appealed to the district court; and another wherein the plaintiff seeks to enjoin the defendants from committing further trespass on the land involved or interfering with his possession. When these cases were called for trial the parties "stipulated and agreed that these two cases be consolidated, and that they are to be tried in one action and the issues in both cases are to be tried in this action, and that one judgment entered in this action shall be a determination of the issues properly in both actions."

In the forcible entry and detainer case the complaint sets forth possession, right to possession, and acts of force and violence on the part of the defendants tending to dispossess. The answer denies ownership or right to possession in the plaintiff, alleges ownership and right to possession in defendant Ordway, with defendant Haberman as Ordway's tenant, and that plaintiff knew this when he purchased. In the action for injunction the complaint alleges ownership and right of possession in the plaintiff and trespass and threats of continuance of trespass on the part of the defendants. The answer alleges ownership in Ordway with right to possession and the tenancy of Haberman, also the knowledge of this by plaintiff.

Owing to the stipulation for consolidation all of the issues of fact were submitted to the jury. The case became, in reality, a contest to determine the ownership of the land.

At the close of the plaintiff's case the defendant moved to dismiss and renewed the motion at the close of the entire case—the motion being resisted.

The record shows that sometime after retiring the jury were recalled and instructions given as to a sealed verdict, with a statement that the members would be kept together until a verdict was reached. It is claimed by the defendants that the court, by this action, "coerced" the jury and for that reason the verdict should be set aside.

The verdict was in favor of the plaintiff, and judgment was entered July 25, 1929, awarding possession to the plaintiff. Upon the return of this verdict the court made separate findings of fact and conclusions of law together with an order for judgment in the injunction case, and on this order a separate judgment was entered on July 29, 1929, quieting title in the plaintiff, giving to the plaintiff a permanent injunction against the defendants and debarring and enjoining the defendants "from asserting any right, title or interest in or to said land, or the possession thereof." A separate judgment was ordered also in the companion case and entered.

The defendants thereafter made an ex parte application for extension of time to obtain a settled statement of the case. Later they moved to vacate the verdict and judgments, and for a new trial alleging as grounds therefor: insufficiency of the evidence to justify the verdict; errors of the court in its rulings and instructions; and misconduct of the jury with reference to special instructions submitted to it. Among the alleged errors of the court was the action of the court which is said to have "coerced" the jury.

At the hearing on the motion plaintiff made sundry objections which were overruled and the court granted the motion for a new trial. The only question discussed by the court in the memorandum opinion is its action which is said to have been coercion of the jury and in the order granting a new trial specifies that the motion to vacate the judgments and for a new trial of the cases is granted on the grounds and for the reasons set forth in the memorandum opinion.

The plaintiff appeals from the order granting a new trial and specifies as error the action of the court in proceeding to hear the motion for a new trial, claiming the time for making this motion had expired when the motion was made, that but one motion for a new trial was made in the two cases, and that the court erred in assuming that there was but one action.

The plaintiff also specifies as error the granting of the new trial on the ground that the evidence shows the verdict of the jury was justified by the evidence and that defendants had no case.

Both parties claim title from one Phillip Hilderhof, who during all time involved lived in Mannheim, Germany. The plaintiff wrote to Hilderhof regarding the land and received a reply dated April 30,

1928 to the effect that Hilderhof would sell him the land for $800 cash or $400 part payment and $200 per year, the plaintiff to name the bank in which the money was to be placed. The plaintiff deposited the money in the First National Bank of Lemmon, S. D., together with note for balance secured by mortgages. Plaintiff moved on to the land about the first of May and began breaking. Hilderhof gave plaintiff a deed sending it to the bank, the deed being dated May 31, 1928. This deed was received by the plaintiff on June 21, 1928 and recorded the next day. These facts are undisputed in the record.

It is claimed by the defendant Ordway that the plaintiff, at the time he purchased the land, had notice of Ordway's claim of title, and interest in the land. The defendant Ordway testified he received a letter from Hilderhof to the effect:

"I have been advised by the Merchants Trust Company of St. Paul, that you have purchased my land."

The letter was not produced, defendant claiming he had lost it; but he was allowed to testify as to the gist of the contents. However the transactions between the plaintiff and Hilderhof were in progress by this time. The court submitted this matter to the jury in a special interrogatory, and asked the jury to determine whether the plaintiff did have notice or knowledge of the defendant Ordway's right, interest or claim in the land at the time the plaintiff purchased the land. The jury answered in the negative.

Defendant's claim to the land rests largely upon negotiations with one W. J. Berquist, assistant treasurer of the Merchants Trust Company of St. Paul. Mr. Berquist testified that before Hilderhof left for Germany he asked Berquist to sell the land for him. Apparently there had been some negotiations between Hilderhof and one Cibart for the sale of the land and on June 19, 1926 Berquist wrote Hilderhof to this effect:

"A banker of Selfridge, North Dakota, called yesterday on behalf of Mr. Cibart. Mr. Cibart is willing to take this land for $900 and deposited with me a check for $250, the balance to be paid by October 1. . . . I believe you mentioned to me you would be willing to sell this piece of property for $800 cash. If you would rather take $800 cash than accept the agreement Mr. Cibart has made, we will forward you a check upon receipt of the deed and abstract."

On July 4, 1926, H. answered, saying in part:

"Your letter from June 18 received. I am willing to sell it for 800 cash. . . . Let me know if it is for you or Cibart (cash sale)."

April 23, 1927, the defendant Ordway wrote to the Trust Company, saying:

"With reference to the Cibart-Hilderhof land deal, I guess that it will be impossible for Mr. Cibart to go through with this at the present time. . . . I called upon you expressly for the purpose of taking up a check which I deposited at the time and left with you for a matter of several months before taking the same up. I am willing to do this, etc."

He then offers to buy the land by making a deposit of $100 for the privilege of buying it by September 1st, and at that time to pay the remainder of the purchase price or forfeit the deposit. On April 26, 1927, the assistant treasurer agreed to this, if by September 1st the defendant would pay $400 in cash and give a mortgage on the property for $400 running for one year. Nothing further was done by the defendant until August 22, 1927, when he sent the Trust Company a check for $100 and promised to send the remainder "within that period of time." On September 6th Berquist notified Ordway he had received the $100, that he had returned the deed, and patent to Mr. Hilderhof, but had written him for the return of the papers; and "when the papers are received I will hold them for sixty days as agreed in your letter of August 22." The next letter from the defendant to the Trust Company is dated May 3, 1928, and therein he sends another $100 "as additional payment on the Hilderhof land." He states that he wants to use the land for pasture and cultivation and that he "will get the balance of the payment to you sometime during the season." On May 7 Berquist wrote him to the effect that "In view of the fact that this matter has now been dragging along since June, 1926 with repeated promises of payment at various times, I feel that the only payment which I can accept at this time would be in full." He also notified him that he would hold his check "awaiting further remittance of $700 and if the same is not received within fifteen days, I shall be obliged to close the deal." On May 9, 1928, the defendant Ordway wrote Berquist to the effect that he had "leased

the Hilderhof land, partly for pasture and partly for breaking, and will have to complete your payment just as soon as possible." He then asks for thirty days in which to get the balance of the money and to this Berquist replied on May 12, 1928, stating among other things:

"I am quite surprised to hear that you have leased this land without the consent of the owner, inasmuch as you have not kept your part of the agreement. However, I shall extend the time of final payment until June 15 at which time I will expect your check to close the account."

It will be noticed that this letter was written after plaintiff opened negotiations with Hilderhof and had received from Hilderhof the offer to sell.

Some time during the transactions Hilderhof sent the deed and patent to the land to Berquist but later these were returned to him. Some more correspondence took place between Ordway and Berquist, and Berquist and Hilderhof and Hilderhof deposited the deed and patent in a bank at Mannheim to be delivered to Berquist when $800 was received from him, Ordway continuing his negotiations with Berquist. This was in October, 1927. Ordway never sent any money to Berquist until some time in June, 1928; but by this time Hilderhof had withdrawn the papers from the bank at Mannheim and closed the deal with Wagner.

It is clear from all of the correspondence between Ordway and Berquist and Berquist and Hilderhof with reference to the Ordway transactions that the defendant Ordway was making propositions, having counter propositions made, then delaying and thereafter making counter offers but accepting no offer until after Hilderhof had withdrawn the papers, ceased negotiations with Berquist and closing the deal with Wagner. The check eventually sent by Ordway was never cashed. No money was received by Hilderhof and no money tendered into the court for him.

A review of all of the testimony shows conclusively that Ordway never bought the land from Hilderhof or completed any deal with Berquist for Hilderhof. The verdict of the jury was correct as to Wagner being the owner of the land and the judgments originally

entered were correct. There is nothing to indicate that any new evidence can be secured and therefore the judgment should stand.

It being apparent that defendants have no case it is unnecessary to pass upon the other specifications of error raised by the appellant. The order granting a new trial is reversed and the judgments ordered reinstated, with costs to plaintiff.

Christianson, Ch. J., and Nuessle, Burke, and Birdzell, JJ., concur.